UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ILYA A. DUMITRASH,                                          Case No.: 3:11-CV-1062-AC

                              Plaintiff,                    FINDINGS AND
                                                            RECOMMENDATION
        v.

RECONTRUST COMPANY, N.A., BAC
HOME LOAN SERVICING, LLP and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                              Defendants.
_____

ACOSTA, Magistrate Judge:

        Plaintiff Ilya A. Dumitrash ("Dumitrash"), is one of the many Americans currently dealing

with foreclosure proceedings against his personal residence in Portland, Oregon ("Residence"). In

the complaint filed August 31, 2011 ("Complaint"), Dumitrash seeks an order setting aside the

nonjudicial foreclosure of the Residence based on a failure to record at least one assignment of

interest in the underlying trust deed in contravention of OR. REV. STAT. 86.735.[1]  (Compl. ¶ 9.)

Defendants Recontrust Company, N.A. ("Recontrust"), BAC Home Loan Servicing, LP ("BAC"),

and Federal National Mortgage Association ("FNMA")(collectively "Defendants"), move to dismiss

the Complaint, asserting the foreclosure was legal.[2]  Defendants also ask the court to take judicial

notice of documentary evidence in support of their motion to dismiss.  For the reasons set forth

below, the court recommends granting the motions for judicial notice as well as Defendants' motion

to dismiss for failure to state a claim.

*Preliminary Procedural Matters*

Defendants ask the court to take judicial notice of numerous documents.  In their initial

motion for judicial notice, Defendants seek judicial notice of the following documents:

> 1.  a Deed of Trust dated December 19, 2006, signed by Dumitrash and his wife on December 20, 2006, and recorded in Multnomah County, Oregon, on December 26, 2006, granting a beneficial interest in the Residence to Mortgage Electronic Registration Systems, Inc. ("MERS")(the "Trust Deed");

> 2.  an Interest Only Fixed Rate Note in the amount of $205,000 dated December 19, 2006, and signed by Dumitrash and his wife (the "Note");

> 3.  a Notice of Default and Election to Sell the Residence pursuant to the terms of the Trust Deed signed by Heidi Recinos on behalf of Recontrust on November 10, 2009, and recorded in Multnomah County, Oregon, on November 12, 2009 (the "Notice");

---

[1]Dumitrash also alleged that the successor trustee "failed to offer a meeting regarding modification and failed to file an Affidavit of Compliance" in violation of OR. REV. STAT. 86.737. Dumitrash did not oppose the motion to dismiss the claims based on these allegations and appears to have abandoned these claims.

[2]Defendants also move to dismiss the complaint for failure to name an indispensable party – Dumitrash's wife and co-owner of the Residence.  Dumitrash concedes this error and represents that he will amend the Complaint to cure this deficiency.

Page 2 - FINDINGS AND RECOMMENDATION                                    *{SIB}*

4. a Trustee's Deed dated April 20, 2010, conveying the Residence, signed by Abraham Bartamian on behalf of Recontrust, with an Affidavit of Non-Military Service dated April 20, 2010, also signed by Abraham Bartamian on behalf of Recontrust, all recorded in Multnomah County, Oregon, on April 22, 2010 (the "Trustee's Deed");

5. an Assignment of Deed of Trust dated November 10, 2009, assigning the beneficial interest in the Trust Deed from MERS to BAC, signed by Leticia Quintana on behalf of MERS, and recorded in Multnomah County, Oregon, on November 12, 2009; and

6. an Assignment of Deed of Trust dated April 20, 2010, assigning the beneficial interest in the Trust Deed from BAC to FNMA, signed by Abraham Bartamian on behalf of BAC, and recorded in Multnomah County, Oregon, on April 22, 2010.

In their supplemental request for judicial notice, Defendants ask the court to consider a group of

documents recorded in Multnomah County, Oregon, on April 8, 2010, consisting of:

1. a cover sheet identifying the attached documents and bearing the recording stamp from Multnomah County, Oregon;

2. an Affidavit of Mailing Trustee's Notice of Sale signed by Martha Casillas on behalf of Recontrust on February 22, 2010;

3. a Trustee's Notice of Sale dated November 16, 2009, and signed by Laura Martin on behalf Recontrust;

4. an Affidavit of Mailing Notice to Grantor signed by Martha Casillas on behalf of Recontrust on February 22, 2010;

5. an Affidavit of Publication signed by Marc Caplan as Manager of the Daily Journal of Commerce on January 22, 2010; and

6. an Affidavit of Posting and Service signed by Scott Towner on November 20, 2009.

In addition, Defendants ask the court to take judicial notice of a number of opinions, orders, and

transcripts from various Oregon state court cases. Dumitrash does not oppose either motion for

judicial notice.

Defendants are offering materials outside of the pleadings in support of their motion to dismiss. In general, material outside the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Jacobson v. AEG Captial Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). There are two exceptions to this rule. First, a court may consider "material which is properly submitted to the court as part of the complaint." *Lee v. County of Los Angeles*, 240 F.3d 754, 774 (9th Cir. 2001). A document is not "outside" the complaint if the complaint specifically refers to the document, its authenticity is not questioned, and the plaintiff's complaint necessarily relies on it. *Id*. at 774. When the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading. *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1998). The second exception is that under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of "matters of public record." *Lee*, 240 F.3d at 774. Facts contained in public records are considered appropriate subjects for judicial notice. *Santa Monica Food not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).

A number of the documents offered by Defendants bear a recording stamp from Multnomah County, Oregon. As such, these documents are matters of public record and are appropriate for judicial notice. The Note, offered by Defendants, while not specifically referred to by name in the Complaint, is clearly referenced as evidence of a loan secured by the Trust Deed. Additionally, Dumitrash does not question the authenticity of the Note. Accordingly, the Note is appropriate for judicial notice. Finally, the state court documents offered by Defendants are undeniably matters of public record appropriate for consideration by the court. The court recommends granting all requests

for judicial notice and will consider the documents, where relevant, in ruling on the pending motion to dismiss.

*Background*

Dumitrash alleges that he borrowed money (the "Loan") from Countrywide Home Loans, Inc., ("Countrywide") to purchase the Residence, as evidenced by the Note, and that he executed the Trust Deed encumbering the Residence as security for the Loan. (Compl. ¶ 5.) The Trust Deed identifies Dumitrash and his wife as Borrowers, America's Wholesale Lender [3] as Lender, Lawyers Title Insurance as Trustee, and MERS, "acting solely as a nominee for Lender and Lender's successors and assigns," as Beneficiary. (Colletta Decl. dated October 7, 2001 ("First Colletta Decl") Ex. 1.) The Trust Deed specifically provides that:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successor and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
>
> * * *
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(First Colletta Decl. Ex. 1 at 2-3.)

Dumitrash asserts that Recontrust, successor trustee of the Trust Deed, issued the Notice setting a foreclosure sale date of April 19, 2010, and that FNMA "acquired the [Residence] at the

---

[3]It appears that Countrywide is identified as "America's Wholesale Lender" in the Trust Deed and the Note.

foreclosure sale and now claims all right, title and interest in the [Residence]".  (Compl. ¶ 6-7.)

However, Dumitrash contends that Recontrust lacked the authority to conduct the foreclosure sale

because "[at] least one transfer of an interest in the Trust Deed was not recorded in contravention

of ORS 86.735."  (Compl. ¶ 9.)  As a result, the Trustee's Deed is "invalid and of no force and

effect," and FNMA's claimed interest in the Residence is "without any right or merit," is a cloud on

Dumitrash's title resulting in depreciation of the value of the Residence, and restricts Dumitrash's

use and enjoyment of, and ability to sell, the Residence.  (Compl. ¶ 10.)  Dumitrash asks the court

to set aside the sale of the Residence to FNMA and to cancel the Trustee's Deed.  (Compl. at 4.)

*Legal Standard*

        A well-pleaded complaint requires only "a short and plain statement of the claim showing

that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A federal claimant is not required to

detail all factual allegations; however, the complaint must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level."  *Id*.  While the court must assume that

all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving

party, it need not accept as true any legal conclusion set forth in the complaint.  *Ashcroft v. Iqbal*,

556 U.S.662, 129 S. Ct. 1937, 1949 (2009).  Additionally, a plaintiff must set forth a plausible claim

for relief – a possible claim for relief will not do.  "In sum, for a complaint to survive a motion to

dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d

962, 969 (9th Cir. 2009)(quoting *Iqbal*, 129 S. Ct. at 1949).

*Discussion*

Defendants move to dismiss the Complaint asserting that Dumitrash: 1) has failed to tender the outstanding balance on the Loan and is, therefore, not entitled to an equitable remedy; 2) has failed to allege that he is not in default and is, therefore, unable to assert a wrongful foreclosure claim; and 3) has failed to identify an unrecorded assignment of the Trust Deed and is, therefore, unable to state a claim for violation of OR. REV. STAT. 86.735.  Dumitrash argues that the question of whether he was in default at the time of the foreclosure or able to pay off the Loan at the time of the sale does not relieve Defendants of the obligation to record all assignments of the Trust Deed under the Oregon statute authorizing a nonjudicial foreclosure of the Trust Deed.  Dumitrash contends that because Defendants do not even attempt to deny that one or more transfers of the beneficial interest in the Trust Deed went unrecorded, he has clearly stated a claim for violation of OR. REV. STAT. 86.735.  Therefore, it appears Dumitrash concedes he has no independent equitable claim or claim for wrongful foreclosure and is relying solely on allegations that Defendants failed to comply with the requirements of OR. REV. STAT. 86.735 for nonjudicial foreclosure.[4]

Dumitrash alleges that "[a]t least one transfer of an interest in the Trust Deed was not recorded in contravention of ORS 86.735." (Compl. ¶ 9.)  OR. REV. STAT. 86.735 provides for the nonjudicial foreclosure of a trust deed only if:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; and

> (2) There is a default by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest

---

[4]Dumitrash "ignores at this state of the proceeding" the issue of whether MERS is a proper beneficiary under the Trust Deed.  (Mem. in Opp'n to Mot. to Dismiss at 4 n1.)

with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

     (3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.735 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and

     (4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed or, if such action has been instituted, the action has been dismissed . . . ."

OR. REV. STAT. 86.735 (2009).   Nowhere in the Complaint or his Memorandum in Opposition to Motion to Dismiss does Dumitrash identify an assignment of the Trust Deed by the trustee (Lawyers Title Insurance or Recontrust) or the beneficiary (MERS or BAC) which has not been recorded, nor does he allege any facts to support his claim that such an unrecorded assignment exists.   Instead, he relies on Defendants' failure to "deny that there have been un-recorded transfers of the beneficial interest" in the Trust Deed as support for his assertion that unrecorded assignments exist. (Mem. in Opp'n to Mot. to Dismiss at 4.)   This is insufficient to state a claim for violation of the statute.

     Dumitrash alleges that Recontrust is the successor trustee of the Trust Deed.  (Compl. ¶ 2.) He does not allege that the appointment of Recontrust as successor trustee was not properly recorded or base his claim in any way on a failure to record this document.  He then alleges that BAC "claims" to be the lender under the Trust Deed. (Compl. ¶ 4.) The documents offered by Defendants establish that MERS assigned the beneficial interest it held as nominee of Countrywide, and Countrywide's successors or assigns, to BAC on November 10, 2009, and that this assignment was recorded in Multnomah County, Oregon.  Dumitrash does not allege that Countrywide appointed a new nominal beneficiary in MERS's stead or that MERS previously assigned its nominal interest in the Trust Deed to anyone other than BAC.  Dumitrash seems to rely solely on the fact that MERS was named

as beneficiary in the Trust Deed, and on the handling or history of other trust deeds in which lenders nominated MERS as beneficiary. However, in the absence of factual allegations establishing that similar conduct occurred here, Dumitrash is unable to rely on the appointment of MERS as a beneficiary in the Trust Deed to support his claim.

This court has previously held that a plaintiff may not state a claim merely by alleging that MERS served as beneficiary of a trust deed. In *Barker v. GMAC Mortgage, LLC*, No. 3:11-cv-00579-MO, 2001 WL 4754529 (D. Or. Oct. 6, 2011), the court considered a second amended complaint and determined that the plaintiffs' claims were based on the fact that MERS served as beneficiary in at least some of the transactions at issue and arguments that the defendants failed to record transfers of the trust deeds in those transactions. The court noted the absence of specific facts supporting the alleged failure to record transfers in the transactions at issue and held that mere allegations that MERS was used as a beneficiary in those transactions were not sufficient to state a claim based on failure to record transfers of trust deeds. *Id*. at *1.

Dumitrash bases his claim on the presence of MERS in other transactions which involved unrecorded transfers of trust deeds, but asserts no facts that establish that such conduct occurred with regard to the Trust Deed. He does not allege any facts that would support his claim that unrecorded assignments of the Trust Deed exist. A plaintiff may not rely on labels or legal conclusions, but must include factual allegations which take a claim beyond speculation, to state a viable claim for relief. The court finds that Dumitrash has failed to state a valid claim and that this action should be dismissed.

Dumitrash argues that to the extent the court takes judicial notice of the documents offered by Defendants to determine whether unrecorded transfers exist, this motion should be converted to

a motion for summary judgment and Dumitrash should be given the opportunity to conduct discovery and provide counter affidavits on this issue.  As noted above, on a motion to dismiss, this court may consider documents relied on in a complaint and those properly recorded as public records when considering a motion to dismiss.  In any event, the critical flaw in Dumitrash's position is not what Defendants offered but what Dumitrash failed to allege – any facts, other than the presence of MERS as beneficiary in the Trust Deed, which support his conclusion that Recontrust did not have the authority to conduct the nonjudicial foreclosure of the Residence because at least one transfer or assignment of an interest in the Trust Deed was not recorded.

Defendants asserted at oral argument that, in light of recorded documents which establish the chain of title of the beneficial interest in the Trust Deed , Dumitrash is unable to cure the deficiencies in the Complaint and any dismissal of the Complaint should be with prejudice.  The court disagrees. While in *Barker*, this court dismissed a complaint which relied solely on allegations that MERS was a beneficiary with prejudice, the court did so only after specifically noting the plaintiff had already had three tries at stating a valid claim, as well as the benefit of the court's rulings on the request for injunctive relief and motions to dismiss and for summary judgment.  *Barker*, 2001 WL 4754529, at *2.  Here, the pleading before the court is the original complaint filed by Dumitrash.  Dumitrash has not previously attempted to remedy the deficiencies in the Complaint and has had no direction from the court on the particulars of such deficiencies.  The court finds it appropriate to allow Dumitrash the opportunity amend the Complaint to include specific factual allegations supporting a claim that unrecorded assignments of the Trust Deed exist.  If Dumitrash is able to allege facts supporting his conclusory allegations that an unrecorded transfer of the beneficial interest in the Trust Deed exits, he will have stated a claim for violation of OR. REV. STAT. 86.735 even in the fact

Page 10 - FINDINGS AND RECOMMENDATION                    *{SIB}*

of the recorded documents Defendants have offered and rely on.

*Conclusion*

Defendants' motion (#7) to dismiss should be GRANTED without prejudice and Dumitrash should be ordered to file an amended complaint within thirty days of the date an order adopting this Findings and Recommendation is entered.  Defendants' motions (#9 and #16) for judicial notice should be GRANTED.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **February 22, 2012**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 7th day of February, 2012.


_____
        /s/ John V. Acosta
       JOHN V. ACOSTA
    United States Magistrate Judge